STANLEY NICHOLSON, A MINOR, BY EDWARD J. NICHOLSON, NEXT FRIEND AND GUARDIAN AD LITEM *v.* FILIPINO FEDERATION OF AMERICA, INCORPORATED, A FOREIGN COR- PORATION DOING BUSINESS IN THE TERRI- TORY OF HAWAII.

No. 2741.

FILED NOVEMBER 9, 1948.    DECIDED NOVEMBER 19, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE BUCK IN PLACE OF PETERS, J., ABSENT.

*Per Curiam.* The plaintiff in error, the defendant be- low, in the above-entitled matter, did not comply with the provision in section 9557, Revised Laws of Hawaii 1945, which requires that plaintiff in error, as a condition

precedent to the issuance of a writ of error, file with the clerk a bond in favor of the prevailing party conditioned for the payment of the judgment in the original cause in case of failure to sustain the writ of error.

The defendant in error moved that the writ be quashed for the failure of the plaintiff in error to file the bond required by the statute. The judgment of the circuit court, which plaintiff in error sought to have reversed, is a judgment in favor of the plaintiff in a suit for damages for personal injuries suffered in an automobile accident. There was and is no claim that the judgment against the plaintiff in error is not a money judgment. The motion to quash the writ was not resisted. We sustained the motion and quashed the writ.

The plaintiff in error now petitions for a rehearing of the motion to quash, and asserts that the court overlooked section 4 of Act 19 of Session Laws of Hawaii 1939, which he thinks repealed that provision in section 3556 of the Revised Laws of Hawaii 1935, which required a bond in favor of the prevailing party, conditioned for the payment of the judgment and which has been retained in the Revised Laws of Hawaii 1945 as section 9557, which reads in part as follows:

"No writ of error shall issue until the sum provided by section 9746 has been deposited to cover costs, and, except in criminal cases and cases in which there is no money judgment, a bond has been filed with the clerk, in favor of the prevailing party in the proceeding in which the error is alleged to have occurred, or his personal representatives, conditioned for the payment of the judgment in the original cause in case of failure to sustain the writ of error."

The 1939 statute referred to amended section 3556, *supra,* but did not repeal the provision requiring a bond to pay the judgment. It did repeal a provision for the

filing of a bond or the deposit of cash in lieu thereof to cover costs on writ of error, exceptions or appeal, to the supreme court. The 1939 statute did not, therefore, justify the failure to file the bond required by section 9557, *supra*. Under the circumstances this court did not acquire jurisdiction of the cause. (*W. Au Hoy* v. *Ching Mun Shee*, 33 Haw. 239; *Akana* v. *Espinda*, 33 Haw. 314; *Marks* v. *Waiahole Water Co.*, 36 Haw. 188.)

The petition is denied without argument under the rule.